### KIRKPATRICK v. SOUTHERN THRIFT CO., Inc.
### No. 2869.

Court of Civil Appeals of Texas. El Paso. Sept. 21, 1933.

G. B. Cunningham, of Big Spring, for appellant.

Markham & Mobley, of Houston, and Sullivan & Sullivan, of Big Spring, for appellee.

WALTHALL, Justice.

The parties to this suit agree that this case, upon appeal, may be decided and determined upon the following agreed statement; the trial judge examined the statement and approved the agreement as embracing a correct statement of facts, approved and ordered same filed as a part of the record in this case.

The statement as per agreement is as follows:

"1. On April 12, 1932, Ira Kirkpatrick obtained a judgment against Southern Thrift Co. Inc. in the District Court of Glasscock County, Texas, cancelling and holding for naught a certain promissory note executed by said Ira Kirkpatrick in favor of said Southern Thrift Co., Inc., dated July 29, 1930, for the sum of $1450.00, payable in monthly installments of $25.00 each, commencing in January, 1931, together with a judgment against the said Southern Thrift Co. Inc., for the sum of $355.00, with legal interest from date of said judgment; that subsequently writ of error was sued out by said Southern Thrift Co., Inc., and said cause was taken to the Court of Civil Appeals of 8th Supreme Judicial District of Texas, sitting at El Paso, Texas; that in November, 1932, on its motion, said Court dismissed said cause, and mandate in said cause was issued and sent to District Court of Glasscock County, Texas, on Jan. 2, 1933.

"2. That on November 8, 1932, Southern Thrift Co. Inc., brought suit against said Ira Kirkpatrick on the above described note in the District Court of Harris County for 11th Judicial District of Texas; alias citation was issued in said cause and served on said Ira Kirkpatrick.

"3. That on November 30, 1932, Ira Kirkpatrick applied for and was granted a temporary injunction by Hon. Chas. L. Klapproth, Judge of District Court of Glasscock County, Texas, restraining said Southern Thrift Co. Inc. from prosecuting said suit against the said Ira Kirkpatrick in the Harris County District Court.

"4. That on final hearing of the above stated injunction suit had on January 17, 1933, at a regular term of the Glasscock County District Court, the temporary injunction theretofore granted on Nov. 30, 1932, to said Ira Kirkpatrick was by the court vacated and dissolved, to which action of the court Ira Kirkpatrick excepted and gave notice of appeal to the Court of Civil Appeals of the 8th Supreme Judicial District of Texas, sitting at El Paso, Texas."

As shown by the above, the court sustained appellee's general and special exceptions to appellant's petition, and vacated and dissolved the temporary injunction theretofore granted from which this appeal is prosecuted. Without quoting here the appellant's petition at length, it recited in substance and legal effect the facts contained in the above agreed statement of facts.

Appellant submits two propositions to the effect that a trial court, after entering final judgment, has continuing authority to prevent unlawful interference with its enforcement, and that a court of equity may enjoin

the institution of vexatious and unfounded suits after the matter in controversy has been settled by final judgment.

Appellee has not favored us with a brief in the case. We have carefully reviewed the cases referred to in appellant's brief, and have concluded that the record does not present reversible error.

The record shows that the present suit is filed in a court other than the court in which is pending the suit seeking to stay proceedings, and, as suggested in one of appellee's exceptions, appellant's petition on its face shows that the facts alleged, on which the injunction is sought, present a clear, full, and adequate defense to appellee's suit, if pleaded in the Harris county suit.

We think we may not conclude from the record, and the agreed statement of facts does not show, that the suit filed in Harris county is necessarily a willful and vexatious suit actuated by malice and brought for the sole purpose of interfering with the judgment theretofore obtained by appellant, as suggested by appellant.

The case is affirmed.