IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 7, 2006 Session

## STATE OF TENNESSEE v. TAYUANA D. TAYLOR

**Appeal from the Circuit Court for Henderson County**
**No. 02050-2   Donald H. Allen, Judge**

_____

**No. W2006-01299-CCA-R3-CD  - Filed December 28, 2006**

_____

The Defendant, Tayuana D. Taylor, appeals the trial court's re-sentencing decision upon the revocation of her community corrections sentence.  The Defendant claims that the trial court erred in sentencing her to the maximum allowable sentence and for not giving her credit for time already served.  We conclude the trial court did not err in re-sentencing the Defendant and credit was given for time already served.  Accordingly, we affirm the trial court's judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH, and JAMES CURWOOD WITT, JR., JJ., joined.

Hewitt Chatman, Jackson, Tennessee, for the Appellant, Tayuana D. Taylor.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Jerry Woodall, District Attorney General; Bill R. Martin, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### I.  Facts

This case arises from the revocation of a community corrections sentence and subsequent re-sentencing.  The record reflects that the Defendant, Tayuana D. Taylor[1], pled guilty to four counts of forgery on December 13, 2002.  She was sentenced to two years on each count, with counts two, three, and four concurrent to each other, and count two consecutive to count one, resulting in an

_____

[1]The Defendant also appears to be known by the names Tajuana Michelle Taylor, Tajuana Machelle Taylor, Hot Chocolate, and Tee-Tee.

effective sentence of four years. The Defendant was ordered to serve 120 days in jail, with the remainder to be served on community corrections. She was also ordered to pay restitution.

On January 27, 2006, a community corrections warrant was issued alleging that the Defendant violated the terms of her community corrections sentence. At a hearing to revoke the community corrections sentence on March 17, 2006, the Defendant admitted that she had been arrested for forgery in Missouri in 2003. The Defendant admitted she pled guilty to those charges and served over a year in the Missouri Department of Correction in 2003-04. At this hearing, the Defendant also acknowledged that she had missed a portion of the $2660 she was required to pay in court costs, fines, and restitution, and that she was arrested for violation of a protection order and aggravated assault in 2005. Based on these actions, the trial court determined that the Defendant had violated the terms of her community corrections sentence.

At the re-sentencing hearing, the trial court admitted the presentence investigation report as proof on behalf of the State. The Defendant submitted the following mitigating factors: the Defendant's actions presented no threat of serious bodily injury; the Defendant was motivated to provide for her family or self; the Defendant maintained steady employment from December 1, 2004, until her arrest on February 4, 2006. The Defendant also stated that she informed her community corrections officer of the offense in Missouri after she was charged with the offense, but before she served her sentence. The court noted that the Missouri charge was a mere three months after her guilty pleas in Tennessee.

The trial court found that the Defendant had not abided by the requirements of her community corrections sentence, and it was appropriate for her to be re-sentenced. The court noted the extensive criminal history of the Defendant, including contributing to the delinquency of a minor, theft, simple assault, counterfeiting that resulted in a conviction for conspiracy to defraud, theft, and twelve counts of forgery. The twelve counts of forgery were divided between Lewis County, which occurred on August 5, 2002, and Carroll County, which occurred on July 22, 2002. The counts upon which she was re-sentenced occurred on July 30, 2002.

The trial court stated that it could not find her to be anything beyond a Range I Standard Offender, because the State did not file a notice for enhanced punishment. Thus, the trial court re-sentenced the Defendant to two years for each of the four forgery convictions, each conviction to run consecutively, for an effective eight year sentence. The reason for the consecutive sentences was because of the "extensive criminal record for multiple counts of forgeries." The court found that the Defendant was not a candidate for alternative sentencing because measures less restrictive than confinement had already been applied without success. Additionally, confinement was required to avoid depreciating the seriousness of the offenses. The court determined that the Defendant would receive community corrections credit for the time before she was arrested in Missouri — December 13, 2002 to March 22, 2003. This was the only credit given for "street time." She also got credit for the jail time she served — 120 days originally, and the time from her arrest on February 4, 2006 until the date of re-sentencing.

## II. Analysis

On appeal, the Defendant alleges two errors on the part of the trial court. First, the trial court erred in re-sentencing the Defendant to eight years, in effect doubling her original four year sentence. Second, the trial court erred in not giving credit for the 120 days originally served.

The State responds that the trial court was permitted and properly sentenced the Defendant to eight years in the Department of Correction, and that the Defendant was given credit for the 120 days originally served. We agree with the State.

When a defendant challenges the length, range or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2003). As the Sentencing Commission Comments to this section note, the burden is now on the appealing party to show that the sentencing is improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts. This means that if the trial court followed the statutory sentencing procedure, made findings of facts which are adequately supported in the record and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, Tenn. Code Ann. § 40-35-103 (2003), we may not disturb the sentence even if a different result was preferred. State v. Ross, 49 S.W.3d 833, 847 (Tenn. 2001). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Dean, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994).

In conducting a de novo review of a sentence, we must consider: (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing, (4) the arguments of counsel relative to sentencing alternatives, (5) the nature and characteristics of the offence, (6) any mitigating or enhancement factors, (7) any statements made by the defendant on his or her own behalf and (8) the defendant's potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-210 (2003); State v. Taylor, 63 S.W.2d 400, 411 (Tenn. Crim. App. 2001).

The record is clear that the Defendant violated the conditions of her community corrections sentence when she was arrested in Missouri for forgery, and when she failed to maintain proper payments — she admitted this. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). After determining that the Defendant violated the terms of her community corrections sentence, the trial court had the right to re-sentence the Defendant. Tenn. Code Ann. § 40-36-106(e)(4) (2003). The court may "re-sentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative . . . ." Id.

The sentence to be imposed by the trial court for a Class E felony is presumptively the

minimum in the range when there are no enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). Procedurally, the trial court is to increase the sentence within the range based upon the existence of enhancement factors and then reduce the sentence as appropriate for any mitigating factors. Tenn. Code Ann. § 40-35-210(d), (e). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Comm'n Comts.; State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986); see State v. Ashby, 823 S.W.2d 166 (Tenn. 1991).

In re-sentencing the Defendant, the trial court considered the Defendant's record, including the Missouri conviction which occurred three months after the conviction in this case, her failure to maintain proper payments, and twelve forgeries which occurred within two weeks of the forgeries which formed the basis for these convictions. The trial court had no knowledge of these twelve other charges, which the Defendant later pled guilty to, when originally sentencing the Defendant on the present convictions. As a result, the court found the Defendant to have an extensive criminal history warranting enhancement within the range for each forgery conviction as well as consecutive sentencing for these four convictions. Tenn. Code Ann. § 40-35-115(b)(2)

It does not appear that the trial court re-sentenced the Defendant for the exclusive purpose of punishing her. Instead, the trial court determined that alternative sentences had failed, and the Defendant should serve a more lengthy sentence due do to her extensive criminal history, unknown to the court at the original sentencing. The trial court's reasons for enhancement are supported in the record, and therefore the weight given to the enhancement and mitigating factors will not be re-evaluated. The Defendant is not entitled to relief on this issue.

The Defendant also claims that she was not given credit for the 120 days she spent in confinement on these convictions prior to her arrest in Missouri. This claim is unsupported by the record. The re-sentencing judgments reflect credit given, and the trial court specifically stated the Defendant should be given credit for time served. This issue is without merit.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we find the re-sentencing of the Defendant to be proper and affirm the judgments of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE